IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY BLANCO,

    Plaintiff,

v.                                         Federal Court Case No. 3:17-cv-454
                                        State Court Case No.  2017-CA-750

ALLIED PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT ALLIED PROPERTY & CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

COMES NOW, Defendant Allied Property & Casualty Insurance Company ("Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, and files this, its Notice of Removal of the above-styled civil action from the Circuit Court in and for Escambia County, Florida to the United States District Court for the Northern District of Florida, Pensacola Division and states, as follows:

1.     Plaintiff Mary Blanco filed her Complaint against Defendant Allied Property & Casualty Insurance Company in the Circuit Court in and for Escambia County, Florida, Case No. 2017-CA-750, on May 19, 2017.  A copy of all process, pleadings, and orders served upon this Defendant are attached to this Notice as Exhibit A which includes only Plaintiff's Summons and Plaintiff's Complaint.

2.     Upon information and belief as well as Plaintiff's Complaint, Plaintiff currently is and was at all times material an individual who is a citizen of the State of Florida and domiciled in the State of Florida and who at all times material has resided in Escambia County, Florida.

2. Defendant Allied Property & Casualty Insurance Company is an Iowa corporation with its principal place of business in Des Moines, IA.

3. Pursuant to 28 U.S.C. § 1446, copies of all "process, pleadings, and orders served upon this Defendant" in the state court action are filed with this Notice of Removal and attached as previously indicated as Exhibit A.

4. Defendant Allied Property & Casualty Insurance Company removes this case pursuant to this Court's diversity jurisdiction. This Court has jurisdiction of this action under the provisions of 28 U.S.C. § 1332, and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446 because it is a civil action in which the amount-in-controversy exceeds the sum of $75,000.00 exclusive of interest and costs, and it is between citizens of different states. Removal is effectuated pursuant to the provisions of 28 U.S.C. § 1446.

5. More specifically as to diversity, for purposes of 28 U.S.C. § 1332 and § 1441, a corporation shall be deemed a citizen of (1) any state by which it has been incorporated and (2) the state where it has a principal place of business. Therefore, for purposes of diversity of jurisdiction, Plaintiff is a resident of the State of Florida and Defendant Allied Property & Casualty Insurance Company is a resident of the State of Iowa. Therefore, further, complete diversity exists.

6. More specifically as to the amount-in-controversy requirement, the amount-in-controversy exceeds $75,000.00 exclusive of interest and costs. Plaintiff cannot dispute as much as Plaintiff pled as such in her Complaint, even though subject matter jurisdiction in Florida Circuit Court requires only $15,000.00 in controsversy. (*See* Plaintiff's Compl.) Further, this Notice of Removal has been filed with this Court within thirty (30) days of when "it may first be ascertained

that the case is one which is or has become removable" and is therefore timely pursuant to 28 U.S.C. §1446(b)(3).

7. Venue is proper in the Northern District of Florida because the Circuit Court action is pending within the jurisdictional confines of this District in Escambia County, Florida which is also where the injury at issue in this lawsuit occurred. *See* 28 U.S.C. § 1446(a).

8. Defendant has provided Plaintiff Mary Blanco and the Clerk for the Circuit Court in and for Escambia County, Florida with a written notice of the filing of this Notice of Removal. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit B.

## MEMORANDUM OF LAW

A. Federal Removal Jurisdiction.

This is an action which may be properly removed to this Court pursuant to 28 U.S.C. § 1441 which states:

> (a): Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Given that this action is one of which the United States District Court for the Northern District of Florida would have had original jurisdiction pursuant to 28 U.S.C. § 1332, this case may be removed from the Circuit Court in and for Escambia County, Florida to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1441. Such removal would be performed pursuant to the terms of 28 U.S.C. § 1446(a) which provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such

action.

In the instant case, Defendant Allied Property & Casualty Insurance Company has filed a Notice of Removal that complies with the requirements of 28 U.S.C. § 1446(a) in that it sets forth the facts that show that this Court has jurisdiction and that this case is subject to removal. Defendant Allied Property & Casualty Insurance Company has the right to have these claims adjudicated by a federal district court.  *See generally Cogdell v. Wyeth*, 366 F.3d 1245 (11th Cir. 2004); *Yusefzadeh v. Nelson Mullins et al.*, 365 F.3d 1244 (11th Cir. 2004).

B.  Timeliness of Removal.

28 U.S.C. § 1446(b)(3) requires that a notice of removal of a civil action or proceeding shall be filed within thirty (30) days after "it may first be ascertained that the case is one which is or has become removable."  In the case *sub judice*, Plaintiff's Complaint was deemed served upon Defendant Allied Property & Casualty Insurance Company on May 19, 2017, and Defendant Allied Property & Casualty Insurance Company has not even yet filed its Answer (although it is due and will be filed on the same date as this filing).  Thus, the filing of this Notice is clearly within that thirty (30) day time frame.  Further, this case has not been pending over one (1) year as required by 28 U.S.C. 1446(c)(1).

WHEREFORE Defendant Allied Property & Casualty Insurance Company removes this matter from the Circuit Court in and for Escambia County, Florida to the United States District Court for the Northern District of Florida, Pensacola Division.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have filed a true and correct copy of the foregoing upon the Clerk of Court using the CM/ECF system which will serve and send notification of such filing to the following on this 5th day of July 2017:

>   **Stephen F. Bolton, Esq.**
>   Hook & Bolton, P.A.

    3298 Summit Boulevard, Suite 22  
    Pensacola, FL 32503  
    sbolton@hookbolton.com  
    mhook@hookbolton.com  
    eservice@hookbolton.com  
    *Attorneys for Plaintiff*

A copy of this document was provided to the following by U.S. Mail:   None.

**Law Offices of Patricia E. Garagozlo**  
200 East Robinson Street, Suite 510  
Orlando, Florida 32801  
Direct:    (850) 503-2767  
Main:    (407) 393-9100  
Paralegal:    (407) 393-9084  
Secretary:    (407) 393-9094  
Fax:    (877) 499-6079  
Primary:    JAXSMAIL@nationwide.com

_____  
**D. Grayson Miller, Esq.**  
Fla. Bar No. 98696  
*Attorneys for Defendant Allied Insurance*